UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

**BEVERLY OWEN BARBER,**
    Plaintiff,

v.

**JAVAN PATTON,**
    Defendant.

Case No. 4:24-cv-1149-CLM

## MEMORANDUM OPINION

Under Rule 15(a)(2), Attorney Beverly Barber asked the court for leave to file Doc. 13-1 as her amended complaint. The court granted Barber leave and ordered her to file Doc. 13-1 as a separate docket entry. Barber defied the court's order by filing a different version of an amended complaint. The court struck the unpermitted version and told Barber a second time to file Doc. 13-1 as her amended complaint and warned her that failure to file that version of the complaint "will result in dismissal of this case for failure to prosecute or comply with court orders." (Doc. 22). But Barber again defied the court's order by filing yet another version of an amended complaint. So the court follows through with its warning and **DISMISSES** this case **WITHOUT PREJUDICE** "for failure to prosecute or comply with court orders." (*Id.*).

## BACKGROUND

Barber sued Judge Javan Patton on August 21, 2024. (Doc. 1). Judge Patton moved to dismiss Barber's complaint on judicial immunity and plausibility pleading grounds. (Doc. 8). After the briefing period on Judge Patton's motion to dismiss had expired, Barber moved for leave to file an amended complaint, asserting that she had discovered new facts that would overcome Judge Patton's judicial immunity defense. (Doc. 13). Judge Patton opposed Barber's motion under the *Rooker-Feldman* doctrine. (Doc. 16). The court granted Barber's motion because it found that the *Rooker-Feldman* doctrine did not deprive the court of subject matter jurisdiction over Barber's proposed amended complaint. (Doc. 19).

The court's order granting Barber leave to amend twice told Barber to file her proposed "amended complaint (doc. 13-1) as a separate docket entry" by July 25. 2025. (Doc. 19, pp. 1, 10). And the court twice explained to Barber that it would not allow her to file a second amended complaint until after the court had ruled on any Rule 12 motions directed at her first amended complaint—*i.e.*, Doc. 13-1. (*See id.*, pp. 9–10). Thus, the court's order made clear that Barber was not to file an amended complaint other than the proposed amended complaint that the court's order gave Barber leave to file. But Barber filed an amended complaint that was materially different and longer than the proposed amended complaint the court approved. (Doc. 20). Defendants moved to dismiss and pointed out the differences between the two complaints. (Doc. 21). So the court directed the Clerk of Court to strike Barber's purported complaint and ordered Barber to file the proposed amended complaint that the court had granted her leave to file by September 8, 2025. (Doc. 22). And the court warned Barber that "[t]he failure to file the amended complaint by **September 8, 2025**, will result in dismissal of this case for failure to prosecute or comply with court orders." (*Id.*).

On September 8, Barber filed an amended complaint that again was materially different from the proposed amended complaint that the court gave Barber leave to file. (Doc. 24). For example, the two complaints include different counts—both in substance and volume:

| Counts in Proposed Amended Complaint (Doc. 13-1) | Counts in Complaint Barber filed (Doc. 24) |
|---|---|
| Count I – Fraud Upon the Court | Count I – Violation of First Amendment Rights (Retaliation for Protected Speech) |
| Count II – Violation of Due Process (Fourteenth Amendment) | Count II – Violation of Fourteenth Amendment (Substantive and Procedural Due Process) |
| Count III – Civil Rights Violations Under Section 1983 | Count III – Conspiracy to Violate Civil Rights Under 42 U.S.C. § 1983 |

| Count IV – Declaratory & Injunctive Relief | Count IV – Abuse of Judicial Process and Retaliatory Use of Sanctions |
|---|---|
|  | Count V – Violation of Seventh Amendment Right to Jury Trial |
|  | Count VI – Compelled Disclosure of Privileged Information (First Amendment Associational Rights) |
|  | Count VII – Perjury and False Statements in Administrative Proceedings (Non-Judicial Conduct) |

(*Compare* Doc. 13-1, pp. 14–20; *with* Doc. 24, pp. 12–16).

## DISCUSSION

The court starts by explaining why compliance with its orders matters, then follows with two independent reasons that justify dismissal.

**A. Rule 15(a)(2) requires court permission to file.**

Under Rule 15(a), Barber could have amended her complaint once as a matter of course no later than either 21 days after serving the complaint or 21 days after Judge Patton served her answer or a Rule 12 motion, whichever is earlier. *See* Fed. R. Civ. P. 15(a)(1). She didn't; she let the case sit unattended for more than six months. That meant Barber could only amend her complaint if she followed Rule 15(a)(2): "In all other cases, a party may amend its pleading only with the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

The rationale behind Rule 15(a)(2) is simple: if a plaintiff could amend her complaint every time a motion to dismiss was filed, her case would never be resolved on the merits. Instead, the court and parties would be stuck in an unending loop of motions to dismiss and amended complaints that mooted out the most recently filed motion.

3

Barber is an attorney, so the court assumes she knows how Rule 15 works. Indeed, Barber's motion to amend her complaint cited Rule 15(a)(2) and requested the court's permission for leave to amend because Barber recognized that she was seeking to amend her complaint more than 21 days after Judge Patton had moved to dismiss the original complaint. (Doc. 13).

But after the court granted Barber leave to file her proposed amended complaint, Barber filed a different version of the complaint than the one the court permitted her to file. (Doc. 20). The court struck that unpermitted complaint and ordered Barber to file the proposed amended complaint that Barber had attached to her motion for leave to amend. (Doc. 22). The court's order made clear that Barber only had permission to refile Doc. 13-1 as her amended complaint. (*Id.*). And the court warned Barber that failure to file the amended complaint by September 8, 2025, would result in the dismissal of this case. (*See id.*). The point was to allow Judge Patton to file an answer or Rule 12 motion so the court could move this case forward, rather than have Judge Patton and the court play whack-a-mole with each new version of Barber's complaint that popped up.

Yet without seeking the court's leave, Barber filed another amended complaint that is noticeably different from the complaint that the court gave her leave to file. (Doc. 24). Thus, Barber has twice failed to comply with Rule 15 or this court's orders. Barber's failure to comply with the rules creates two independent bases for dismissing this case.

### B. Rule 41(b) permits dismissal.

This court may dismiss a plaintiff's complaint for failure to prosecute under Rule 41(b) when "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K. Agencies, LTD v. M/V Monada*, 432 F.3d 1333, 1337–38 (11th Cir. 2005). Barber meets both elements.

1. *Willful contempt*: Barber has engaged in a clear pattern of willful contempt of this court's orders and the pleading rules. As explained, Barber has twice failed to comply with this court's orders to file Doc. 13-1 as her first amended complaint. She has instead filed two amended complaints that the

4

court hasn't given her leave to file. (*See* Docs. 20 & 24). The first time Barber filed an amended complaint other than the one she had permission to file, the court directed the Clerk of Court to strike the complaint and ordered Barber "to file the proposed amended complaint that the court's order gave Barber leave to file (doc. 13-1) as her first amended complaint." (*See* Doc. 22). Thus, the court couldn't have been clearer about its expectation that the amended complaint that Barber filed be an exact replica of Doc. 13-1. But Barber disregarded the court's order and again filed an amended complaint that is materially different from the proposed amended complaint that the court permitted her to file. (*See* Doc. 24). Thus, Barber has willfully disobeyed this court's orders about filing her amended complaint.

2. *Lesser sanctions*: No other sanction will suffice. The court's order requiring Barber to file Doc. 13-1 as her amended complaint warned Barber that "[f]ailure to file the amended complaint by **September 8, 2025**, will result in dismissal of this case for failure to prosecute or comply with court orders." (Doc. 22). Yet Barber didn't comply with the court's orders and instead filed a new amended complaint that included 7 counts that differed from the 4 counts that the court had permitted Barber to file. (*Compare* Doc. 13-1 *with* Doc. 24). The court thus finds that dismissal of this action is the only sanction that will get Barber's attention. And "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

### C. The court has inherent authority to manage its docket.

This court also has the inherent authority "to impose reasonable and appropriate sanctions . . . for abusive litigation practices or for violations of procedural rules or court orders." *See Donaldson v. Clark*, 819 F.2d 1551, 1557 n.6 (11th Cir. 1987). "The key to unlocking a court's inherent power is a finding of bad faith." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017).

In considering whether a party acted in bad faith, courts "should look for disobedience and be guided by the purpose of vindicating judicial authority." *See id.* at 1225. As discussed, Barber has disobeyed a direct court order to file by September 8, 2025, "the proposed amended complaint that the court's order

5

gave Barber leave to file (doc. 13-1) as her first amended complaint." (Doc. 22). And Barber knew what the court was requiring of her because the court (a) struck as improperly filed Barber's first attempt to file an amended complaint that differed from the one the court had given Barber leave to file, and (b) repeatedly referred to doc. 13-1 as the document that the court expected to be filed as Barber's first amended complaint. (*See id.*). The court also warned Barber that failure to comply with the court's order would "result in dismissal of this case for failure to prosecute or comply with the court orders." (*Id.*). Barber failed to heed the court's order and warning.

If the court failed to follow through with its warning after giving Barber two chances to comply, the court would undermine its ability to control the parties before it. The court thus finds that this case is subject to dismissal under the court's inherent authority to manage its docket.

## CONCLUSION

For these reasons, the court will **DISMISS** this case **WITHOUT PREJUDICE** for failure to prosecute or comply with the court's orders. The court will enter a separate order that directs the Clerk of Court to close this case.

**DONE** and **ORDERED** on September 11, 2025.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE

6